## RICHEY v. COOPER.

When the defendant confesses the plaintiff's action, or part thereof, he is not required to specify the particular items in the plaintiff's specification to which his confession is to be applied.

Defendant confessed the plaintiff's action and that plaintiff was entitled to recover a certain amount of debt or · damages, and pleaded an off-set to the residue of plaintiff's claim. Plaintiff recovered more upon his specification than the sum confessed, but not so much as the amount confessed together with the amount allowed the defendant on his off-set : *Held* that defendant was entitled to his costs from the time of the confession.

ASSUMPSIT. Plaintiff's specification contained a promissory note for $48.60, and an account of $115.00, composed of some six items; and also contained a credit of four items, amounting to $35.00. At the first term the defendant filed a confession that "plaintiff is entitled to recover damages upon the causes of action in the plaintiff's specification mentioned, the amount of one hundred and thirteen dollars, and no more." He also filed a set-off of $9.00, which he claimed to have allowed him over and above the credits in the plaintiff's specification.

The action was referred to an auditor, who reported as due the plaintiff on note, including interest to date of confession, the sum of

                                                         $53.12

And upon plaintiff's account with interest to same time    95.74

                       Making in all,             $148.86

He allowed the defendant, upon the credits given him in the plaintiff's specification, and upon his off-set, including interest to date of confession, the sum of.                    $39.48

Leaving the balance due the plaintiff at date of confession,    $109.38

The amount allowed on the plaintiff's specification, deducting the credits he gave, was larger by some $4.00 than the sum confessed, but enough was allowed upon the defendant's off-set to reduce the whole balance allowed the plaintiff to some $3.00 less than the amount confessed.

Both parties claimed costs from the date of the confession, and the court ruled that defendant was entitled to costs from that time, and plaintiff excepted, and the questions of law arising upon the case were reserved.

*Geo. C. Williams,* for plaintiff.

*Benton,* for defendant.

SARGENT, J.    Section 2, chap. 187 Revised Statutes, (Comp. Stats. 482,) provides that "in any action the defendant may confess the plaintiff's action or any part thereof, and that the plaintiff is entitled to receive certain real estate or a certain amount of debt or damages, and plead to the residue of his claim, and if the plaintiff shall afterwads prosecute his action and shall not recover more than is so confessed, the defendant shall recover his costs from the date of such confession."

In this case the defendant confessed the plaintiff's action and that the plaintiff was entitled to receive a certain amount of debt or damages, and pleaded to the residue an off-set, and the plaintiff has not recovered more than was so confessed, and according to the terms of the statute the defendant is entitled to costs since the confession.

But the plaintiff claims that the confession was defective because it did not specify the items which he admitted in the plaintiff's specification.    But we find nothing in the statute requiring him to do that.    All he is required to do is to admit the plaintiff's action, or any part thereof, and that plaintiff is entitled to recover a certain amount of debt or damages.

We may also come at a more correct understanding of the act referred to, by referring to the rules of court relating to the payment of money into court under the common rule with the general issue or an off-set, which rules had been in force long before the statute referred to, and still continue in force, and it was intended by the section of the statute above quoted to substitute a confession of judgment for the payment of money into court under the common rule with a plea or set-off.    See Rules of Court 65 and 66.    The first provides that when a certain sum of money is paid into court with the general issue and it is not received the defendant shall recover his costs from the beginning if he prevail. The second is as follows :    "But when any sum of money shall be paid into court accompanied by a special plea, or when a set-off shall be filed and a sum of money paid into court as the balance due the plaintiff, in such cases the costs of the plaintiff up to the time of obtaining the rule, shall also be paid into court, and the defendant if he prevail shall be allowed only his subsequent costs."    In this rule there is no provision for specifying any items upon which the money is paid, but whatever is thus paid into court is struck from the plaintiff's declaration generally and not from any particular items.    From analogy between this rule and the statute under consideration, as well as from the words of the statute themselves, we conclude that it is sufficient if he confess the plaintiff's action as he did in this case, or any part thereof, where the plaintiff de-

clares upon several causes of action in the declaration, in different counts, and that the plaintiff is entitled to recover a certain amount of debt or damages in the whole action generally, as in this case, or upon the particular part, where the confession is to a part only, and that he does not need to be more specific.  We see no reason for requiring it in this case, any more than in a case of a tender, or paying money into court under the common rule.

But it is also claimed, that, because the plaintiff in this case recovered more upon his specification than the amount confessed, he is entitled to costs since the confession.  Now the statute not only authorizes defendant to confess a certain amount of plaintiff's claim, but also *to plead to the residue*.  If he is successful on that plea to the residue, and defeats the plaintiff from recovering that residue, why should he not be entitled to his costs on that issue?  If the defendant had pleaded to the whole of plaintiff's claim and been successful thereon he would have recovered full costs.  But he has confessed a part which gives the plaintiff costs up to that time, and joins issue as to the residue, and if he succeeds on that issue and shows that after his off-set is allowed, or so much thereof as is just, he did not really owe the plaintiff so much as he had confessed, why should he not recover his costs from the confession as much as *though* he had confessed a part and pleaded the general issue as to the residue and been successful on that issue? . We think the statute is susceptible of but one construction.  Plaintiff must recover more than is confessed, as the final balance, or amount due him after trying the issue that is raised by the plea to the residue of plaintiff's claim which is not confessed.  The recovery referred to is the final balance for which the verdict is returned.  If that is no larger then the amount confessed, defendant recovers costs from the time of the confession, if it is larger the plaintiff recovers full costs.

*Exceptions overruled.*